Dariush G. Adli, Esq. (SBN 204959)
  adli@adlilaw.com
Hanwei Cheng, Esq. (SBN 248803)
  hanwei.cheng@adlilaw.com
ADLI LAW GROUP, P.C.
444 South Flower St., Suite 3100
Los Angeles, California 90071
Telephone: (213) 623-6546
Facsimile:  (213) 623-6554

Attorneys for Defendants
JARED RICHARDSON, MICHAEL CAO,
DEDICATED HOSTING SERVICES, LLC, AND
FMD TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT WALKER an individual, | Case No. 2:16-cv-01792 |
| *Plaintiff*, | **DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1441 AND 1332(A)** |
| v. | |
| JARED RICHARDSON, an individual; MICHAEL CAO, an individual; KENNETH JIN GEN CAO, an individual; MING TSEUNG, an individual; DEDICATED HOSTING SERVICES LLC, a Nevada limited liability company; FMD TECHNOLOGIES, LLC, a Washington limited liability company, and DOES 1 through 20, inclusive, | |
| *Defendants*. | |

**PLEASE TAKE NOTICE** that under 28 U.S.C. §§ 1441 and 1332(a), Defendants MICHAEL CAO and JARED RICHARDSON ("Defendants") hereby remove to this Court the Superior Court of the State of California Complaint described below and invokes this court's jurisdiction to resolve the instant matters of law.

1. On November 30, 2015, Plaintiff SCOTT WALKER ("Plaintiff") filed a Complaint for Contracts Fraud (hereinafter "Complaint") in the Superior Court of the State of California, County of Los Angeles entitled *Scott Walker v. Jared Richardson; Michael Cao, an individual; Kenneth Jin Gen Cao, an individual; Ming Tseung, an individual; Zoomhash, Inc., a California Corporation; Dedicated Hosting Services LLC, A Nevada Limited Liability Company; FMD Technologies, LLC, A Washington Limited Liability Company, and Does 1 Through 20, inclusive,* Los Angeles Superior Court Case No. BC602550. True and correct copies of the Summons, Complaint, and related case documents are attached hereto as Exhibit A.

2. Plaintiff asserts that Defendant Dedicated Hosting Services, LLC was served by substituted service on December 3, 2015. Defendants contend service was invalid; however, the issue is immaterial to this removal.

3. On January 29, 2016, Plaintiff served on Defendants' counsel a Request for Dismissal Without Prejudice as to Defendant ZOOMHASH, INC. A true and correct copy of the Request for Dismissal is attached hereto as Exhibit B.

4. On February 2, 2016, Defendants MICHAEL CAO and JARED RICHARDSON, through their counsel of record, executed Notices of Acknowledgment and Receipt accepting service of the Complaint, summons, and related case documents attached hereto as Exhibit A. True and correct copies of the Notices of Acknowledgment and Receipt are attached hereto as Exhibit C.

5. On March 3, 2016, Plaintiff filed his Verified First Amended Complaint ("Amended Complaint"). A true and correct copy of the Amended Complaint is attached hereto as Exhibit D.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(800) 817-2949

1781.201

1
NOTICE OF REMOVAL

6. On or about March 3, 2016, Defendants MICHAEL CAO, JARED RICHARDSON, DEDICATED HOSTING SERVICES LLC, AND FMD TECHNOLOGIES, LLC, accepted service of Plaintiff's Amended Complaint through their counsel of record.

7. Plaintiff's Verified First Amended Complaint does not name ZOOMHASH, INC. as a defendant.

8. Defendant MING TSEUNG has not been served or otherwise appeared in this matter.

9. Defendant KENNETH JIN GEN CAO has not been served or otherwise appeared in this matter.

10. The First Amended Complaint purports to assert the following nine causes of action against Defendants: (1) Breach of Contract; (2) Fraud; (3) Breach of Fiduciary Duties; (4) Violation of Business & Professions Code Section 17200 – Embezzlement; (5) Conversion; (6) Accounting; (7) Judicial Dissolution; (8) Preliminary & Permanent Injunction.

11. The Complaint, summons, related case documents, Amended Complaint, and Request for Dismissal attached hereto as Exhibits A, B and D are the only pleadings served upon Defendants to date in this action.

12. This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served with a copy of the Amended Complaint upon which this action is based. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 353 (1999) (service of process is the official trigger for responsive action by a named defendant). This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

13. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court. Therefore, all procedural requirement under 28 U.S.C. § 1446 have been satisfied.

## VENUE

14. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441 and 1391, because the state court action was filed in this District and this is the judicial district in which the action arose.

## DIVERSITY JURISDICTION UNDER 28 USC § 1332(a)

15. Federal "district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." (*See* 28 U.S.C. § 1331.)

16. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction…may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." (*See* 28 U.S.C. § 1441(a).)

17. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and more than $75,000, exclusive of interest and costs, is at stake.

18. Plaintiff states he is a resident of the State of California and that his primary residence is in Los Angeles County, California.

19. Defendant JARED RICHARDSON is a resident of the State of Washington.

20. Defendant MICHAEL CAO is a resident of the State of Washington. *See* Declaration of Michael Cao filed concurrently herewith.

21. Defendant DEDICATED HOSTING SERVICES, LLC is not a citizen of the State of California because it is a Nevada Limited Libility Company without any owner or member that is a citizen of the State of California.

22. Defendant FMD TECHNOLOGIES, LLC, is not a citizen of the State of California because it is a Washington State Limited Liability Company without any owner or member that is a citizen of the State of California.

23. Plaintiffs in this action request unspecified compensatory, consequential, and statutory damages for themselves as well as attorneys' fees and costs.

24. Plaintiff also requests a permanent injunction preventing Defendants from transferring funds (First Amended Complaint, ¶ 90), Plaintiff alleges that Defendants have converted over $1,000,000.00 (Amended Complaint, ¶ 71 ("…converting in excess of $1,000,000.00 from the company accounts of ZHI and DMS…")) and further alleges that Plaintiff has sustained damages of $1,000,000.00 (Amended Complaint, ¶ 78 ("…Plaintiffs have sustained damages according to proof at Trial and at least in the amount of $1,000,000.00 million." [*sic*])).

25. Thus, well over $75,000.00 is in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

## NO OTHER DEFENDANTS OR PARTIES

26. Defendant is not aware of any other defendants or parties to this action, necessitating consent to removal.

## ALL PREREQUISITES FOR REMOVAL ARE SATISFIED

27. As set forth above, this Notice of Removal is filed within thirty days of service of process on Defendant, venue is proper in this district because it embraces the state court in which the removed action has been pending, and all process, pleadings and orders filed in this action are attached hereto.

28. Defendant will promptly serve all parties with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the removed action has been pending, pursuant to 28 U.S.C. § 1446(d).

29. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

## NO WAIVER

30. By filing this Notice of Removal, Defendant does not waive its right to assert any claims, defenses or other motions, including but not limited to, Rule 12 motions permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Defendants MICHAEL CAO, JARED RICHARDSON, DEDICATED HOSTING SERVICES, LLC, AND FMD TECHNOLOGIES, LLC remove the above-entitled action now pending in the Superior Court of the State of California to this Court.

ADLI LAW GROUP, PC

Dated: March 16, 2016          By: */s/ Hanwei Cheng*
 Dariush G. Adli, Esq.
 Hanwei Cheng, Esq.
 *Attorneys for Defendants*
 JARED RICHARDSON, MICHAEL CAO, DEDICATED HOSTING SERVICES, LLC, AND FMD TECHNOLOGIES, LLC

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing documents with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on March 16, 2016

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1331 AND 1332(a)**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF System.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the documents listed above by First-Class Mail, postage prepaid to the following non-CM/ECF participants:

Matthew Abbasi, Esq.
ABBASI LAW CORPORATION
8889 West Olympic Blvd., Suite 240
Beverly Hills, California 90211
(888) 709-5448 (fax)

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 16, 2016 at Los Angeles, California.

*/s/ David Scott Bayer*
DAVID SCOTT BAYER