UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-01792-BRO (RAOx)** | Date | May 19, 2016 |
| Title | **SCOTT WALKER V. JARED RICHARDSON, ET AL.** | | |

| | | |
|---|---|---|
| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]

### I. INTRODUCTION

Pending before the Court is Plaintiff Scott Walker's ("Plaintiff") Motion to Remand for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). (Dkt. No. 10.) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Remand.

### II. FACTUAL AND PROCEDURAL BACKGROUND

In this action, Plaintiff alleges multiple state law claims against Defendants Michael Cao ("Mr. Cao"), Jared Richardson ("Mr. Richardson"), Ming Tseung, Dedicated Hosting Services, LLC ("DHS"), and FMD Technologies, LLC ("FMD") (collectively, "Defendants"). (Dkt. No. 1-4 ("FAC").) Namely, Plaintiff alleges that Defendants Mr. Cao and Mr. Richardson conspired to defraud Plaintiff by either transferring the income generated by DHS—a bitcoin mining company of which Mr. Cao and Plaintiff each owned 50%, (FAC ¶¶ 17–18)—into their personal accounts or using the funds to support their other businesses. (FAC ¶ 41.) According to Plaintiff, Mr. Cao stole a total of $630,000 from DHS on September 8, 2015, when he effected an unauthorized transfer of funds from DHS into his personal account. (FAC ¶ 42.) Plaintiff also avers that Mr. Cao and Mr. Richardson conspired to advise DHS's clients to cease payments to the DHS account, directing customers to make payments to unknown

Case 2:16-cv-01792-BRO-RAO   Document 16   Filed 05/19/16   Page 2 of 7   Page ID #:344

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01792-BRO (RAOx) | Date | May 19, 2016 |
|---|---|---|---|
| Title | SCOTT WALKER V. JARED RICHARDSON, ET AL. | | |

accounts instead.  (FAC ¶ 43.)  Further, some of the funds Mr. Cao allegedly embezzled were purportedly used to build other bitcoin-related companies owned by Mr. Richardson and Defendants FMD and Tseung.  (FAC ¶ 44.)  Finally, Plaintiff claims that, in order to "cover up their embezzlement, fraudulent actions, and breaches of fiduciary duties," Mr. Cao and Mr. Richardson failed to provide Plaintiff with proper accounting records for DHS, failed to maintain adequate business records for DHS, moved DHS's offices without notifying Plaintiff, and executed agreements amongst themselves to devalue Plaintiff's ownership interest in DHS.  (FAC ¶ 46.)

Plaintiff initiated this action on November 30, 2015, filing his Original Complaint in the California Superior Court, County of Los Angeles ("Los Angeles Superior Court"), against Defendants, Zoomhash, Inc., and Kenneth Jin Gen Cao.  (Dkt. No. 1 (hereinafter, "Removal") ¶ 1; *see also* Dkt. No. 1-1 (hereinafter, "Compl.").)  On January 29, 2016, Plaintiff filed his First Amended Complaint ("FAC") in the Los Angeles Superior Court.  (Removal ¶ 5.)  In the FAC, Plaintiff removed Zoomhash, Inc., and Kenneth Jin Gen Cao as defendants.  (*See* FAC at 1.)  On March 3, 2016, Plaintiff served his FAC on Defendants.  (Removal ¶ 6.)

On March 16, 2016, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking the Court's diversity jurisdiction under § 1332.  (Removal ¶¶ 13–25.)  Plaintiff filed the instant Motion to Remand on April 15, 2016, arguing that Defendants untimely filed their Notice of Removal and that complete diversity is lacking.  (Dkt. No. 10 (hereinafter, "Mot.").)  Defendants timely opposed on May 2, 2016.  (Dkt. No. 13 (hereinafter, "Opp'n").)  Plaintiff timely replied on May 9, 2016.  (Dkt. No. 15 (hereinafter, "Reply").)

### III.   LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court.  In other words, removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint.  Where the case is not initially removable, as "stated by the initial pleading, . . . a notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01792-BRO (RAOx) | Date | May 19, 2016 |
|---|---|---|---|
| Title | SCOTT WALKER V. JARED RICHARDSON, ET AL. | | |

removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states." 28 U.S.C. § 1332(a). The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

A court must remand a case if, at any time before final judgment, "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). To determine whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction— typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). "Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added); *accord Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The defendant "always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566–67.

## IV. DISCUSSION

Plaintiff argues that this Court lacks jurisdiction for two reasons: (1) Defendants have failed to establish that there is complete diversity of citizenship; and, (2) Defendants untimely filed their Notice of Removal. (Mot. at 11–14.) As for the former argument, Plaintiff specifies that DHS is a California citizen because Plaintiff is a citizen of California and one of two members of DHS. (Mot. at 12.) In the alternative, Plaintiff contends that Mr. Cao is, despite his claim to the contrary, a California citizen; therefore,

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01792-BRO (RAOx) | Date | May 19, 2016 |
|---|---|---|---|
| Title | SCOTT WALKER V. JARED RICHARDSON, ET AL. | | |

he destroys complete diversity. (Mot. at 11.) As for Plaintiff's second argument, Plaintiff contends that Defendants had until February 19, 2016 to timely remove the case, but they failed to do so, instead filing their Notice of Removal on March 16, 2016. (Mot. at 13–14.) Further, Plaintiff maintains that service of the amended pleading did not trigger a new thirty-day time period because it did not create the basis for removal. (Reply at 4.) Finally, Plaintiff asks for attorneys' fees associated with this Motion pursuant to 28 U.S.C. § 1447(c). (Mot. at 14–15.)

In opposition, Defendants argue that DHS is a "sham" defendant, as Plaintiff improperly asserted a direct claim against DHS, rather than a derivative claim on DHS's behalf. (Opp'n at 4–6.) Defendants also maintain that, even assuming Plaintiff's FAC is a derivative action, Plaintiff lacks standing because he failed to include allegations indicating that he satisfied the prerequisites to filing a derivative suit. (*Id.*) Thus, according to Defendants, Plaintiff's status as both a California citizen and a DHS member does not defeat diversity jurisdiction, as DHS was "fraudulently" joined. (*Id.*) Next, Defendants argue that Mr. Cao is a resident of Washington, not California; thus, diversity jurisdiction is not defeated on that basis. (Opp'n at 3–4.) Defendants also contend that their removal was timely pursuant to 28 U.S.C. § 1446(b)(3), as Plaintiff's FAC removed two defendants with California citizenship, thereby making diversity jurisdiction ascertainable for the first time. (Opp'n at 2–3.) Given that Defendants filed their Notice of Removal within thirty days of being served with the FAC, they argue their removal was timely. (*Id.*) Finally, Defendants maintain that their removal was not in bad faith, thereby precluding Plaintiff from recovering attorneys' fees pursuant to § 1447(c). (Opp'n at 7–8.)

### A. Diversity Jurisdiction

The Court will first address Mr. Cao's citizenship. According to Plaintiff, Mr. Cao is a California resident because the Nevada Secretary of State lists Mr. Cao as a "manager" of DHS, and DHS lists two residences for Mr. Cao, both in California. (FAC ¶ 2; Mot. at 11.) In the declaration of Mr. Cao, filed in support of Defendants' Notice of Removal, he states, in a conclusory fashion, that he "is a resident of the State of Washington." (Decl. of Michael Cao ("Cao Decl.") (Dkt. No. 1-5) ¶ 3.) Defendants also attach multiple documents to Mr. Cao's declaration, including Mr. Cao's Washington driver's license, issued February 17, 2015, (Cao Decl. ¶ 4, Ex. A); correspondence from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01792-BRO (RAOx) | Date | May 19, 2016 |
|---|---|---|---|
| Title | SCOTT WALKER V. JARED RICHARDSON, ET AL. | | |

an escrow company regarding his Washington residence, dated November 11, 2015, (Cao Decl. ¶ 5, Ex. B); an undated tax assessment of the recently purchased residence, (Cao Decl. ¶ 6, Ex. C); the homeowner's insurance policy for the recently purchased residence, indicating that he obtained insurance coverage from December 16, 2015 through December 16, 2016, (Cao Decl. ¶ 7, Ex. D); a utility bill for the recently purchased residence, dated February 1, 2016, (Cao Decl. ¶ 8, Ex. E); and a bank statement reflecting his current address, covering the period between January 30, 2016 through February 29, 2016, (Cao Decl. ¶ 9, Ex. F). Mr. Cao concludes his declaration by stating, "[t]here is little doubt that I am currently a resident and citizen of the State of Washington." (Cao Decl. ¶ 10.)

A natural person's state citizenship is determined by his or her state of domicile, not his or her state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)). "Domicile . . . requires both physical presence at a given location and an intent to remain there indefinitely." *Lew v. Moss*, 797 F.2d 747, 752 (9th Cir. 1986). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit [wa]s filed." *Id.* at 750 (citing *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980)). Finally, the Court reiterates that Defendants bear the burden of proving that Mr. Cao is a citizen of a state other than California, as Plaintiff's Original Complaint and FAC each include an allegation that Mr. Cao is a California resident. (*See* Compl. ¶ 2; FAC ¶ 2); *see also Lew*, 797 F.2d at 749 (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).

To summarize, Defendants must establish that, as of November 30, 2015, the date Plaintiff filed his lawsuit, Mr. Cao was both physically present in Washington and that he intended to remain there. *See id.* at 750, 752. To do so, Defendants proffer documents indicating that around November or December of 2015, Mr. Cao acquired a residence in Washington and subsequently received mail there. However, these documents fail to demonstrate that Mr. Cao procured that residence prior to November 30, 2015, as they do not indicate the actual purchase date. Further, even assuming Mr. Cao purchased the Washington residence prior to November 30, 2015, that fact does not necessarily establish that he was physically present in Washington with an intent to remain prior to November 30, 2015. For example, Mr. Cao could have purchased the residence prior to

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-01792-BRO (RAOx) | Date | May 19, 2016 |
|---|---|---|---|
| Title | SCOTT WALKER V. JARED RICHARDSON, ET AL. | | |

November 30, 3015 while still a California citizen, intending to use it only as a vacation home an intending to remain a citizen of California. In the alternative, Mr. Cao could have purchased the residence prior to November 30, 2015 and postponed his move until after that date.

Moreover, although Mr. Cao proffers a conclusory statement in his declaration that he is "*currently* a resident and citizen of the State of Washington," (Cao Decl. ¶ 10 (emphasis added)), his declaration is dated March 15, 2016, and therefore fails to establish that, as of November 30, 2015, he was a Washington citizen. Finally, nowhere in Defendants' papers do they address the "intent to remain" requirement. Instead, Defendants principally rely on Mr. Cao's purchase of a Washington residence—the date of which they fail to specify, and the evidence of which seems to indicate the purchase may have been finalized *after* November 30, 2015, (*see* Cao Decl. ¶ 7, Ex. D)—and the fact that Mr. Cao has a Washington driver's license to support their argument that Mr. Cao was a Washington citizen at the relevant time. This evidence falls short of satisfying Defendants' burden to prove that Mr. Cao was not a California citizen when Plaintiff initiated this action on November 30, 2015. *See Lew*, 797 F.2d at 749. Mr. Cao therefore defeats diversity jurisdiction, as Plaintiff is also a California citizen. Given that "[f]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance," *Gaus*, 980 F.2d at 566 (emphasis added), the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Los Angeles Superior Court.[1]

### B. Attorneys' Fees

Plaintiff maintains that he is entitled to attorneys' fees under 28 U.S.C. § 1447(c) because Defendants omitted material information from their Notice of Removal, they refused to meet and confer prior to Plaintiff's filing of this Motion, and they untimely filed their Notice of Removal without a reasonable basis to believe removal was proper. (Mot. at 14.) In total, Plaintiff requests $6,200—$5,950 in legal fees plus $250 for airline and hotel cancellation fees Plaintiff's counsel incurred when Defendants' counsel allegedly refused to attend the deposition of Mr. Cao. (Decl. of Matthew Abbasi (Dkt. No. 10) ¶¶ 17–18.)

---

[1] Given that Mr. Cao defeats complete diversity, the Court need not address whether DHS is a "sham" defendant and whether Defendants timely removed the action to this Court.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-01792-BRO (RAOx) | Date | May 19, 2016 |
|---|---|---|---|
| Title | SCOTT WALKER V. JARED RICHARDSON, ET AL. | | |

"Section 1447(c) authorizes courts to award costs and fees . . . when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

The Court finds that, under these circumstances, Plaintiff is not entitled to an attorneys' fees award under § 1447(c). Defendants had an objectively reasonable basis for believing that diversity jurisdiction was obstructed until Plaintiff omitted former defendants Zoomhash, Inc. and Kenneth Jin Gen Cao from his FAC. Although they ultimately failed to establish as much, Defendants had an objectively reasonable basis for believing that Mr. Cao was a Washington resident, as he possessed a Washington driver's license and purchased a residence in Washington sometime around the date Plaintiff initiated this action. Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees.

## V. CONCLUSION

For the foregoing reasons, Defendants fail to meet their burden to prove by a preponderance of the evidence that Mr. Cao was not a California citizen at the time Plaintiff initiated this action. The Court therefore **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Los Angeles Superior Court. The Court also **DENIES** Plaintiff's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). The hearing scheduled for Monday, May 23, 2016, is hereby **VACATED**.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |